*In re* PETITION OF ROTH.

*In re* PETITION OF ALLEN.

1. INSANE PERSONS—PROBATE COURT—JURISDICTION—FEEBLE-MINDED PERSONS.

Probate court had jurisdiction to commit person to institution for feeble-minded on petition of person's mother, resident of the county, where citation to appear at hearing was issued on *same day as* petition was filed and personally served upon person in question and prosecuting attorney and by registered mail upon father, a resident of another county, although no guardian *ad litem* was appointed (2 Comp. Laws 1929, § 6888).

2. SAME—STATUTES—GUARDIAN AD LITEM—APPOINTMENT.

Statute concerning commitment of persons to institution for feeble-minded and containing its own provisions for appointment of guardian *ad litem* is controlling as to such matter rather than general statute as to appointment of guardian *ad litem* for infants or incompetents (Comp. Laws 1929, §§ 6888, 14038).

3. SAME—PROBATE COURT—JURISDICTION—CERTIFICATE AS TO PERSONAL SERVICE.

Failure of probate court to make statutory certificate of reason for dispensing with personal service on at least one relative of the county of notice of probate hearing on petition to commit person to State institution for feeble-minded *held*, not to render commitment illegal, where mother, the only parent who was a resident of the county made and filed the petition (2 Comp. Laws 1929, § 6888).

4. SAME—PARENTS—RESIDENCE—SERVICE.

In proceedings for commitment of person to institution for feeble-minded, initiated on petition of mother, a resident of the county, statute *held*, not to require personal service on father, resident of another county (2 Comp. Laws 1929, § 6888).

*Habeas corpus* proceedings by Maurice Roth and Lyman Allen to obtain their release from the Michigan Home and Training School at Lapeer, Michigan, with accompanying certiorari to Edward Command, Wayne probate judge. Submitted February 19, 1935. (Calendar Nos. 38,304, 38,305.) Writ denied April 8, 1935.

*Stanley E. Beattie,* for petitioners.

*William M. Sempliner,* for defendant probate judge.

NORTH, J. In each of these cases on application of the plaintiff a writ of *habeas corpus* has been issued to inquire into and determine whether he is legally or illegally detained as an inmate of the Michigan Home and Training School at Lapeer, Michigan. Maurice Roth is an adult. Lyman Allen at the time of his commitment was a minor, 17 years of age; and the whereabouts of his father was unknown. Otherwise the facts in the respective cases are not materially different; and herein we state them as disclosed in the case of Maurice Roth.

Plaintiff was committed as a feeble-minded person by a probate judge of Wayne county, Michigan. The proceedings in the probate court were had on petition of plaintiff's mother. The regularity of the proceedings is attacked on the ground that "no guardian *ad litem* was appointed" by the probate court incident to the proceedings which resulted in this commitment. The pertinent statute in part reads:

"Notice of such petition and of the time and place of hearing thereon, shall be served personally, at least twenty-four hours before the hearing, upon

the person alleged to be so mentally diseased and any sheriff, officer, or county agent who made the petition, father, mother, husband, wife or some one next of kin, of full age, of such alleged mentally diseased person, if there be any such known to be residing within the county, and upon such of said relatives residing outside of the county and within this State as may be ordered by the court, and also upon the person with whom such alleged mentally diseased person may reside, or at whose house such person may be. This notice may be served in any part of the State. The court to whom the petition is presented may dispense with such personal service or may direct substituted service to be made upon some person to be designated by it. The court shall state in a certificate to be attached to the petition its reason for dispensing with personal service of such notice, and if substituted service is directed, the name of the person to be served therewith. In such cases the court shall appoint a guardian *ad litem* to represent such mentally diseased person upon such hearing, and in other cases it may appoint such guardian *ad litem*." 2 Comp. Laws 1929, § 6888.

The statute requires notice of probate hearing to at least one of the parents, husband or wife, or a next of kin of the alleged mentally diseased person "if there be any such known to be residing within the county." Plaintiff's father did not reside within Wayne county. His mother did reside in that county. Citation to appear at the hearing was issued the same day the mother filed her petition. There was personal service upon Maurice Roth and upon the prosecuting attorney; and citation was sent by registered mail to Maurice's father at Grand Rapids, Kent county, Michigan. Since the mother made the petition and caused it to be filed the same

day citation was issued, the mother must be held to have had the notice required by the statute, notwithstanding the record does not disclose she was served with the issued citation. The probate court clearly obtained jurisdiction.

The case does not fall within that portion of the statutory provision above quoted which provides "In such cases the court shall appoint a guardian *ad litem.*" This statute contains its own provisions as to appointing a guardian *ad litem.* Such provisions are controlling. Procedure herein is not subject to the general statutory provision (3 Comp. Laws 1929, § 14038) for appointing guardians *ad litem* for infants or incompetents.

Plaintiff also urges that his commitment is illegal because the probate judge failed to comply with the quoted statute wherein it provides "the court shall state in a certificate to be attached to the petition its reason for dispensing with personal service of such notice." Even if it be assumed that this provision is applicable to the instant case, it is inconsequential because the court had jurisdiction by reason of the mother's participation in and notice of the proceedings. In view of the fact that the only parent residing in Wayne county was a party to the proceedings, it was not mandatory that the probate judge should have ordered service upon any relative residing outside of Wayne county, as did Maurice's father.

In each of these cases the writ is dismissed.

Potter, C. J., and Nelson Sharpe, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.