## *In re* ROBERT BROOKS.

HABEAS CORPUS—FEEBLE-MINDED PERSONS—VOID COMMITMENT PRO-
   CEEDINGS—DISCHARGE.

   Order discharging person on whose behalf a petition for habeas
   corpus was filed while he was commited as a feeble-minded per-
   son is subject to further proceedings, where proceedings for
   commitment were defective and void.

Habeas corpus to obtain release of Robert Brooks from Lapeer State Home and Training School with accompanying certiorari to Ionia probate judge. Submitted May 31, 1951. (Calendar No. 45,085.) Writ granted December 3, 1951.

*Gemuend & Barnes,* for petitioner.

REFERENCES FOR POINTS IN HEADNOTES
25 Am Jur, Habeas Corpus §§ 156, 159; 28 Am Jur, Insane and Other
   Incompetent Persons § 40.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

Reid, C. J. Robert Brooks is being detained in the Lapeer State home and training school as a feeble-minded person by virtue of a commitment by the probate court for Ionia county dated November 8, 1947.

Petitioner in the instant habeas corpus case, Howard Brooks, claims the proceedings for the commitment are defective because no order was made for personal service on Murrel W. Jinks, the county agent, and petitioner in the case before the probate court, but the record shows that said petitioner Jinks appeared on the hearing and the proceedings are not void for want of personal service on him. See *In re Petition of Roth,* 271 Mich 178, 180.

Petitioner also claims the petition is void for want of recital of facts on which the statement of feeblemindedness of Robert Brooks is based.

The petition of Jinks states:

"And that the facts upon which said allegation is based, are as follows: As a result of psychometric tests given the above individual we find that this boy is definitely a mentally deficient individual and according to the revised Stanford-Binet Scale he has an intelligence quotient of 58. He is able to read words of only 2 or 3 letters and in some cases a longer word that he is familiar with, such as the word mother. However, in the performance test where it is not necessary to read or write he shows improvement. He certainly is extremely undeveloped both physically and mentally."

We consider the above statement, in part at least, to be a recital of facts sufficient for the purpose of conferring jurisdiction on the probate court.

Petitioner also claims the proceedings defective on the ground that the physicians' statements contained only conclusions and not facts. The recital of facts in one doctor's certificate is as follows:

"He is definitely mentally retarded and although 15 years old is in the sixth grade. He cannot subtract 9 from 100, does not know how to multiply, and shows little interest in any type of academic learning.

"He needs special training of the type that will fit him for some useful vocation. It is my recommendation that he be placed in an institution that can give him this training."

These recitals do not necessarily show anything more than illiteracy or ignorance on the part of Robert Brooks. The recited facts may be due to feeble-mindedness, but the doctor's certificate does not disclose facts indicating that to be the case.

The petitioner also claims a lack of holding a proper inquest and lack of record of inquest. There is no record of an inquest and we cannot presume an inquest was held.

A properly held inquest is of utmost importance to the safeguarding of the rights of a person brought into court and there charged as being feeble-minded.

For want of proper certificate of the doctor and also for want of an inquest duly held and recorded, we determine in this case that the commitment of Robert Brooks is void. Our decisions in the cases of *In re Fidrych, ante,* 485 and *In re Floyd Brooks, ante,* 628, this day decided, control our decision in the instant case in certain particulars. The writ will issue and have the effect of releasing Robert Brooks, sub-

ject to further proceedings. No costs, a question of public importance being involved.

BOYLES, NORTH, and BUTZEL, JJ., concurred with REID, C. J.

DETHMERS, J. For reasons stated in controlling opinion in *Re Fidrych, ante,* 485, I concur in the result.

CARR, BUSHNELL, and SHARPE, JJ., concurred with DETHMERS, J.